**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Michael Degnan and Jalaine Sightler, Defendants,

Of whom Michael Degnan is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2019-001118

———————————

Appeal From Lexington County
Robert E. Newton, Family Court Judge

———————————

Unpublished Opinion No. 2020-UP-088
Submitted March 16, 2020 – Filed March 26, 2020

———————————

**AFFIRMED**

———————————

Harry A. Hancock, of Columbia, for Appellant.

Rebecca Marie Farmer, of Cordell Law LLP, of
Columbia; and Scarlet Bell Moore, of Greenville, both
for Respondent.

Daun C. Steigner, of Hendrix & Steigner, of Cayce, for the Guardian ad Litem.

---

**PER CURIAM:** Michael Degnan (Father) appeals the family court's order terminating his parental rights to his minor child (Child). On appeal, Father argues the family court erred in finding Child's best interests were supported by the guardian ad litem's (GAL's) testimony when the GAL did not conduct an independent investigation. Father also contends the family court erred in finding clear and convincing evidence showed he willfully failed to support Child; he failed to remedy the conditions that caused the removal; and Child was harmed, and due to the repetition or severity of the harm, it was not reasonably likely his home could be made safe within twelve months. Finally, Father asserts the family court erred in liberally construing the statutes governing termination of parental rights (TPR). We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Here, the GAL met her statutory obligations in conducting an independent investigation. *See* S.C. Code Ann. § 63-11-510 (2010) (setting forth the GAL's responsibilities and duties to "(1) represent the best interests of the child; (2) advocate for the welfare and rights of a child involved in an abuse or neglect proceeding; (3) conduct an independent assessment of the facts, the needs of the child, and the available resources within the family and community to meet those needs; (4) maintain accurate, written case records; (5) provide the family court with a written report . . . ; (6) monitor compliance with the orders of the family court and to make the motions necessary to enforce the orders of the court or seek judicial review; and (7) protect and promote the best interests of the child until formally relieved of the responsibility by the family court"). Although the GAL did not submit a written report for the court's consideration due to objections, the court heard her testimony regarding her investigation. During her testimony, the GAL stated she spoke with Jalaine Sightler (Mother) and Father several times, the foster parents, Mother's father, another family member, and several case workers; observed Child in his foster home; reviewed the Department of Social Services

(DSS) file; and communicated with DSS on a monthly basis. Although Father argues the GAL's investigation was not complete because she did not independently verify facts surrounding his compliance with his placement plan, the GAL testified she requested a release from Father so she could obtain Father's drug treatment records but never received one.[1] Accordingly, we find the GAL complied with the statutory requirements for an independent investigation.

Additionally, based on a de novo review of the record, we find TPR was in Child's best interests. *See* S.C. Code Ann. § 63-7-2570 (Supp. 2019) (stating the family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in TPR cases). Here, Father failed to complete his placement plan, including completing substance abuse classes. He also failed to submit to a hair follicle test a few months before the TPR hearing and show up for several drug tests in 2018. Further, he still lived with Mother at the time of the TPR hearing, which is concerning because evidence presented at the TPR hearing showed she did not remedy her drug addiction. Because Father did not complete his placement plan, missed a drug test in January 2019, and still lived with Mother, Father could not provide a suitable home for Child at the time of the TPR hearing. Additionally, DSS removed Child at birth, and at the time of the TPR hearing, he was doing well and had bonded with his foster parents, which was a preadoptive placement. Accordingly, we find TPR is in Child's best interests.

Further, we find the family court did not err in liberally construing the TPR statute. *See* S.C. Code Ann. § 63-7-2620 (2010) (stating TPR statutes "must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship"). We also find clear and convincing evidence showed Child was harmed, and because of the severity or repetition of the abuse or neglect, it was not reasonably likely Father's home would be made safe within twelve months. *See* § 63-7-2570(1) (providing a statutory ground for TPR exists when "[t]he child or another child while residing in the parent's domicile has been harmed . . . and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999) (stating the grounds for TPR must be proved by clear and convincing evidence). Child

---

[1] Father did not enter any records regarding his drug treatment into evidence.

tested positive for amphetamines at birth, which constituted severe harm. *See* S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2019) ("'Child abuse' or 'neglect' or 'harm' occurs when the parent . . . engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Father admitted he could not pass a drug test when Child was placed in DSS's custody, and he failed a drug test in December 2017; he also admitted he did not take a hair follicle test in January 2019. Father recognized his relationship with Mother at least initially prevented Child from being placed with him, and he testified Mother still lived with him at the time of the TPR hearing. The DSS caseworker testified Father did not show up for several drug tests in 2018 or take a January 2019 hair follicle test, which DSS considered a positive drug screen. Additionally, Father lived with Mother, and it did not appear Mother remedied her drug addiction. Accordingly, clear and convincing evidence showed it was not reasonably likely Father's home could be made safe within twelve months.

Additionally, clear and convincing evidence showed Father failed to remedy the conditions that caused the removal. *See* § 63-7-2570(2) (stating a statutory ground for TPR exists when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the parent has not remedied the conditions which caused the removal"). Child was removed because he tested positive for amphetamines. Father lived with Mother at the time of Child's birth and continued to live with her at the time of the TPR hearing. He testified he could not pass a drug test at the time of Child's birth, he failed a drug test in December 2017, and he failed to submit to a hair follicle test in January 2019. Additionally, the family court ordered Father to complete a placement plan. Father did not complete the placement plan, including completing substance abuse treatment. Although Father testified he completed classes at the Fatherhood Coalition and was sober, we find it concerning that his hair was too short to enable him to submit to a January 2019 drug screen, especially when he failed to submit to several drugs screens in 2018. Because there is simply nothing in the record—other than Father's testimony—showing he completed treatment, we find clear and convincing evidence supports this ground.[2]

---

[2] Because clear and convincing evidence supports two statutory grounds for TPR, we decline to address Father's argument that he did not willfully fail to support Child. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

**AFFIRMED.**[3]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.